No. 51.—John P. Garvin, plaintiff in error, *vs.* William R. Gallagher, defendant in error.

A *scire facias* against only one defendant as bail, issued by the clerk of one county, and directed to the sheriff of another, is bad, and will be quashed upon motion.

A *scire facias* against bail is not such an original suit, within the meaning of the Constitution of Georgia, as to require it to be instituted in the county of the bail's residence.

In the absence of any issuable defence by the bail, the court will render judgment upon the return of the *scire facias*, without the intervention of a jury.

This was a motion to quash a writ of *scire facias*, sued out, at the instance of the defendant in error, against the plaintiff in error, in Muscogee Superior Court, heard before Judge Alexander, at May Term, 1846.

It appeared that the defendant in error had sued out civil process in the Superior Court of said county, against one Robert Walsh, requiring bail, and that upon h*is* being arrested, the plaintiff in error became his bail. The suit against Walsh was prosecuted to final judgment, and execution against his body was thereupon issued, and returned that he was not to be found. Whereupon the said writ of *scire facias* was sued out, (issued by the clerk of the Superior Court of said county,) directed to the sheriff of the county of Bibb, where the plaintiff in error then resided, requiring him, the plaintiff in error, to appear and show cause, (if any he had,) why the defendant in error should not have execution against him for the amount due on the judgment aforesaid. At May Term, 1846, of the said Superior Court, the counsel for the defendant in error was proceeding to trial upon said *scire facias*, when the counsel for the plaintiff in error moved to quash the same, on the following grounds, to wit :

1st. Because the same was issued by the clerk of the said Superior Court of Muscogee county, and directed to the sheriff of said county of Bibb, and by said sheriff served upon the plaintiff in error, he being the sole defendant in said writ of *scire facias*.

2d. Because, as appears upon the face of said *scire facias*, the said plaintiff in error, at the time of suing out and service of the same, resided in the county of Bibb, in which county alone he was liable to be sued, and compellable to answer.

The court below, after argument, decided that said grounds were insufficient, and overruled them, and dismissed the motion to quash. To which the counsel for the plaintiff in error excepted.

The defendant in error, in support of his said *scire facias* and of his motion to enter judgment thereon, then submitted to the court the record of his recovery against Walsh, the principal in the original suit, the bail bond, and *capias ad satisfaciendum*, with the usual legal entries and returns thereon, and moved the court for leave to enter up and sign judgment in terms of the statute, in such cases. And thereupon the counsel for the plaintiff in error objected, and insisted that a judgment at law could only be rendered and allowed upon the verdict of a jury, which objection was overruled by the court, and a judgment was rendered against the plaintiff in error accordingly. To which the counsel for the plaintiff in error excepted.

Hines Holt, for the plaintiff in error,

In support of the exceptions taken to the decision of the court below, submitted the following authorities :—*Prin. Dig.* 420, 421, 910, 436, 423, 426, 419; 9 *Cowen's Rep.* 208, 230 ; 2 *Tom. Law Dic.* 288 ; 1 *Tom. Law Dic.* title *Execution ; Bacon's Abr.* title *Sci. fa. A C ; Tidd's Prac.* 1090, 1128.

G. E. Thomas, for defendant in error.

*By the Court*—Warner, Judge.

There were three objections made by the plaintiff in error in the court below to the proceedings there, which were all overruled by the court. First, Because the *scire facias* was issued by the clerk of the Superior Court of Muscogee county, directed to the sheriff of Bibb county, and served by him on the plaintiff in error, who was the *sole defendant* in said writ of *scire facias*. We are not aware of the provision of any statute, which confers the authority on the clerk of one county to issue process directed to the sheriff of another county in civil cases, where there is but *one defendant sued*. The 11th section of the judiciary act of 1799 (*Prin. Dig.* 421) declares, where a suit shall be instituted in any of the said courts, on any bond, note, or other written obligation, subscribed by several persons, who reside in different counties, the plaintiff shall have his option, to institute his action in either of the counties ; and the clerk may issue process for the defendants residing out of the county in which the suit is instituted ; and the sheriff of such other county is required to execute and return the same. But here there is only *one defendant*, and the case made by the record does not bring it within the provision of the 11th section of the judiciary act. The clerk is an officer of limited authority ; and it does not appear the law has conferred upon him the power to command the sheriff of Bibb to serve process, under the state of facts presented by the record in this case.

The second ground taken was, Because it appears upon the face of the *scire facias*, the plaintiff in error, at the time of suing out and service of the same, resided in the county of Bibb, in which county alone he was liable to be sued. We do not think *scire facias* against bail is such an *original suit* as was contemplated by the constitution. The original suit in our judgment gave the court jurisdiction to proceed against the bail, being part of the proceedings which appertain to the original suit.

The third ground taken was, that a judgment could not be entered on the *scire facias*, without the verdict of a jury. As has been already stated, the *scire facias* is only a *part* of the proceedings appertaining to the original suit. It calls upon the bail to show cause, why the amount of the judgment rendered in the original suit should not be rendered against him ; if he has nothing to say against it, there appears to be no good reason why judgment should not be rendered against him on motion ; but if he has any answer, or defence to make, by way of plea, why judgment should not go against him, then he is entitled to a jury, to try the issue of facts made by such plea. Such, it is believed, has been the general practice prevailing in our courts on this subject ; and we see no reason for disturbing it. The judgment of the court below, however, must be reversed on the first ground taken, and a new trial granted.